NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CAMILLE WILSON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1355

---

Petition for review of the Merit Systems Protection Board in No. CH-1221-23-0231-W-1.

---

Decided: September 5, 2024

---

CAMILLE WILSON, Cleveland, OH, pro se.

CONSTANCE E. TRAVANTY, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before DYK and STOLL, *Circuit Judges*, and MURPHY,
*District Judge*.[1]

PER CURIAM.

Camille Wilson challenges the Merit Systems Protection Board's dismissal of her individual right of action appeal for lack of jurisdiction. Ms. Wilson claimed that the Department of Veterans Affairs retaliated against her because of her equal employment opportunity activity. Because we conclude that the Board did not have jurisdiction, we affirm the Board's dismissal.

## BACKGROUND

Ms. Wilson was employed by the VA as a Program Support Clerk with the Veterans Health Administration in Cleveland, Ohio starting in May 2022, and her employment was subject to a two-year probationary period. During her employment, Ms. Wilson sought to apply for another position for which she alleges she was qualified but ultimately not selected. In September 2022, Ms. Wilson communicated to her supervisors her intent to file an equal employment opportunity (EEO) complaint regarding her non-selection. She then contacted the VA's EEO officer and filed an EEO complaint alleging discrimination based on her disability, race, age, reprisal, and involvement in a protected activity.

In October 2022, Ms. Wilson filed a complaint with the Office of Special Counsel (OSC) alleging that, in relation for her EEO activity, she was subject to a hostile work environment, false complaints, and harassment; had compensation withheld from her; and was terminated from her position in December 2022, seven months into her two-year

---

[1]    Honorable John F. Murphy, District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

probationary period. The OSC closed its investigation into Ms. Wilson's complaint in January 2023, issuing her a letter notice that: (1) stated she had exhausted her OSC administrative remedy, and (2) informed her of MSPB appeal rights.

On March 17, 2023, Ms. Wilson, who was represented by counsel, timely filed an individual right of action (IRA) appeal with the MSPB "alleging she was harassed, had compensation to which she was entitled withheld, and was eventually terminated in an attempt to conceal discriminatory conduct." Appx. 2.[2] On March 20, 2023, the Administrative Judge issued a jurisdiction order informing Ms. Wilson of her burden to establish Board jurisdiction over her IRA appeal by showing that she exhausted her administrative remedy with OSC and was nonfrivolously alleging that she made a protected disclosure or engaged in protected activity under the Whistleblower Protection Act, Pub. L. No. 101-12, 103 Stat. 16 (1989) (WPA), as amended by the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465–76 (WPEA). The order instructed Ms. Wilson to respond, but she failed to do so in a timely manner and the VA moved to dismiss.

On April 6, 2023, the Administrative Judge issued a show cause order, which advised Ms. Wilson that, based on the record, the Administrative Judge could not discern a protected disclosure or activity because "disclosures that an agency discriminated against an appellant in violation of Title VII [of the Civil Rights Act of 1964] and/or related laws, remediable through EEO processes, concern matters Congress did not seek to cover in enacting the whistleblower protection statutes." Appx. 3. In responding to both the show cause order and the VA's motion to dismiss, Ms. Wilson asserted that she engaged in protected

---

[2]    Appx. refers to the Appendix attached to Respondent's Informal Response Brief, ECF No. 13.

whistleblower activity when she informed her supervisors of her intent to pursue an EEO complaint and then actually engaged in EEO activity.

On November 7, 2023, the Administrative Judge issued an initial decision dismissing Ms. Wilson's IRA appeal for lack of jurisdiction. The Administrative Judge found that, while Ms. Wilson's allegations of discrimination and reprisal may be actionable in other venues, Ms. Wilson had not supported nonfrivolous allegations that she made a protected disclosure or engaged in protected whistleblowing activity under 5 U.S.C. § 2302(b)(8) or § (b)(9)(A)(i) because neither the WPA nor the WPEA protect claims made under Title VII, and Ms. Wilson had alleged discrimination only against herself. Neither party filed an administrative petition for review with the Board, thus the Administrative Judge's initial decision became final on December 12, 2023.

Ms. Wilson timely challenges the Board's dismissal of her IRA appeal. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review determinations of the Board concerning its jurisdiction de novo. *Parrot v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008). This court's jurisdiction is not abrogated by a petitioner's claims of discrimination or EEO reprisal. *Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1327–28 (Fed. Cir. 2020) (holding that a petition for review of an IRA appeal is not a "mixed case," as such petitions are governed by 5 U.S.C. § 7703(b)(1)(B) and thus within this court's jurisdiction).

The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies

before the OSC[3] and makes nonfrivolous allegations that: (1) she engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a "personnel action" as defined by 5 U.S.C. § 2302(a)(2)(A). *Hessami v. Merit Sys. Prot. Bd.*, 979 F.3d 1362, 1367 (Fed. Cir. 2020); *see also Young*, 961 F.3d at 1328.

Here, Ms. Wilson continues to contend that she faced discrimination, was retaliated against for engaging in EEO activity, and eventually wrongfully terminated. Allegations of discrimination under Title VII or "retaliation for exercising a Title VII right, however, do not fall within the scope of [§] 2302(b)(8) of the Whistleblower Protection Act and are therefore not proper subjects for inclusion in an IRA appeal on that ground." *Young*, 961 F.3d at 1329. Nor does the WPEA save her claims. The WPEA "expanded the list of prohibited personnel practices for which the Board can grant corrective action to include those set forth in 5 U.S.C. § 2302(b)(9)(A)(i)," which "covers retaliation for

---

[3] The Administrative Judge also found that Ms. Wilson failed to show she had exhausted her administrative remedies with the OSC—despite Ms. Wilson providing the letter notice from OSC that its investigation into her complaint was closed—because Ms. Wilson failed to provide either a copy of her OSC complaint or an affidavit or other sworn statement in response to the Administrative Judge's jurisdictional orders. To the extent the Administrative Judge erred in determining that Ms. Wilson failed to exhaust her administrative remedy, that error was harmless. The Administrative Judge went on to correctly find that Ms. Wilson's allegations did not constitute protected whistleblower disclosures or activity, as discussed *infra*.

exercising any appeal, complaint, or grievance right relating to whistleblowing, i.e, retaliation for seeking to remedy a violation of [§] 2302(b)(8)." *Id.* However, "[§] 2302(b)(9)(A)(ii) [of the WPEA], which is not included in the list of prohibited personnel practices for which the Board can issue corrective action, covers retaliation for exercising any appeal, complaint, or grievance right other than one seeking to remedy a violation of [§] 2302(b)(8)," and this court has held that "[r]etaliation for filing those other types of complaints is remediable through different mechanisms, and not by an IRA appeal to the Board." *Id.* (collecting cases). For that reason, Ms. Wilson's claims do not present issues over which the Board has jurisdiction,[4] and we must therefore affirm the Board's dismissal.

Ms. Wilson appears to raise several new issues in her petition to this court that she did not raise before the Board, including defamation and fraud allegations. Pet. Inf. Br. 2. These arguments are forfeited. *See Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998) ("A party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court.").

Ms. Wilson also contends that "counsel in my response did not due, [sic] due diligence as far as proceedings and submissions and I'm asking for a review to be able to address my appeal." Pet. Inf. Br. 2. This argument was also not raised before the Board and is undeveloped, and thus

---

[4]    Nor did Ms. Wilson's allegations disclose concerns, outside of the challenge to her own non-selection, about the VA's hiring practices that may have fallen within the meaning of § 2302(b)(8). *Cf. Young*, 961 F.3d at 1329–30. Ms. Wilson's contentions to the Board relate to the VA's treatment only towards herself, which do not qualify as protected whistleblower disclosures or activity falling within the Board's IRA jurisdiction, as discussed *supra*.

is forfeited as well. *See Rodriguez v. Dep't of Veterans Affs.*, 8 F.4th 1290, 1305 (Fed. Cir. 2021) ("An issue that is merely alluded to and not developed as an argument in a party's brief is deemed waived."). Additionally, "[w]e are not a trial court and . . . [o]ur authority is limited to a review of the Board's decision." *Rowe v. Merit Sys. Prot. Bd.*, 802 F.2d 434, 437 (Fed. Cir. 1986) (holding that a litigant is bound by actions of his counsel where counsel missed a filing deadline).[5]

## CONCLUSION

We have considered Ms. Wilson's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

COSTS

No costs.

---

[5]    Moreover, to the extent this contention relates to Ms. Wilson's attorney's failure to respond to the Administrative Judge's first jurisdictional order, this did not impact the outcome of her MSPB proceeding. Her counsel responded to the Administrative Judge's show cause order and the VA's motion to dismiss, and it does not appear that the Administrative Judge penalized her for that lack of response to the first order. *See* Appx. 2–4.